IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:23-cv-6375

ECLIPSE SPORTSWIRE,

     Plaintiff,

v.

TOWNSQUARE MEDIA, INC. d/b/a 104.5
THE TEAM ESPN RADIO,

     Defendant.

_____

## **COMPLAINT**

Plaintiff Eclipse Sportswire ("Plaintiff") sues defendant Townsquare Media, Inc. d/b/a 104.5 the Team ESPN Radio ("Defendant"), and alleges as follows:

## **THE PARTIES**

1.     Plaintiff is an unincorporated business organized and existing under the laws of the State of Maryland with its principal place of business located in Colora, MD.

2.     Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1 Manhattanville Rd., Suite 202, Purchase, NY 10577. Defendant's agent for service of process is Corporation Service Company, 1 Manhattanville Rd., Suite 202, Purchase, NY 10577.

## **JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with New York such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent resides or may be found in this district.  "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I.     Plaintiff's Business

6.     Plaintiff is a wire service providing editorial photographic coverage for sporting events all over the world with a focus on horse racing, equestrian events, and golf.

7.     Since 2009, Plaintiff has covered every major thoroughbred horse race and many major equestrian events in the United States such as the Rolex championships in Kentucky and Nevada.

8.     Images from photographers working on behalf of Plaintiff have appeared in *Sports Illustrated*, *Chronicle of the Horse*, *Steeplechase Times, Stride Magazine*, *Trainer Magazine*, CBSSports.com, Horse Racing Nation, The Downey Profile, Hello Race Fans, BreedersCup.com, and many more.

### II.     The Work at Issue in this Lawsuit

9.     Scott Serio is one of the many renowned photographers represented by Plaintiff.

10.     Mr. Serio began photography in the early 1990s doing freelance gigs for Baltimore Sun Media Group. He also served as the primary photographer for Ripken Baseball.

11.     Mr. Serio went on to establish a photographic news agency, Eclipse Sportswire, in

2009 that covers prominent equestrian and horse racing events across the globe and manages approximately 35 photographers to date.

12.    Mr. Serio's extensive photographic portfolio can be viewed at Eclipse Sportswire's website (at https://eclipsesportswire.photoshelter.com//).

**A.    The First Photograph**

13.    In May 2016, Mr. Serio took a professional photograph of champion equestrian, Joel Rosario, racing with Frosted titled "aSGS100160611_eclipsesportswire_00583" (the "First Photograph").  A copy of the Work is exhibited below:



14.    The First Photograph was registered by Mr. Serio with the Register of Copyrights on September 8, 2016 and was assigned Registration No. VA 2-016-407. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

15.    Mr. Serio is the owner of the First Photograph and has remained the owner at all

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

times material hereto. For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the First Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

      **B.**      **The Second Photograph**

16.      In 2016, Mr. Serio took a professional photograph of Mexican equestrian, Victor Espinoza, riding California Chrome titled "KZI160820_Pacific_Classic_001" (the "Second Photograph"). A copy of the Second Photograph is exhibited below:



17.      The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on May 24, 2023 and was assigned Registration No. VA 2-353-046. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

18.     Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

19.     The First Photograph and Second Photograph are collectively referred to herein as the "Work."

**III.     Defendant's Unlawful Activities**

20.     Defendant is a sports radio station that serves the capital region and Saratoga County in New York.

21.     Defendant advertises/markets its business primarily through its website (https://1045theteam.com//), social media (e.g., https://www.youtube.com/user/team1045, https://www.facebook.com/1045theteam, https://twitter.com/1045theteam, https://www.instagram.com/1045theteam/?hl=en), and other forms of advertising.

22.     On June 11, 2020 (after Mr. Serio's above-referenced copyright registration of the First Photograph), Defendant published the First Photograph on its website (at https://1045theteam.com/how-can-you-win-some-cash-wagering-this-weekend/):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



23.     On May 20, 2020 (before Plaintiff's above-referenced copyright registration of the Second Photograph), Defendant published the Second Photograph on its website (at https://1045theteam.com/tiz-the-law-managing-partner-weighs-in-on-the-belmont-stakes-and-saratoga-2/):



24.     A true and correct copy of the screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

25.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

26.     Defendant utilized the Work for commercial use.

27.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

28.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on September 17, 2020.   Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

29.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### The First Photograph

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 29 as set forth above.

31.     The First Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

32.     Mr. Serio owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights.

33.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the First Photograph).

34.     As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Defendant had access to the First Photograph prior to its own reproduction, distribution, and public display of the First Photograph on its website, webpage, and/or social media.

35.     Defendant reproduced, distributed, and publicly displayed the First Photograph without authorization from Plaintiff.

36.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the First Photograph for its own commercial purposes.

37.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website (© 2022 104.5 The Team ESPN Radio, Townsquare Media, Inc. All rights reserved.), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage.");

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

<u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the First Photograph is generally paid for and cannot simply be copied from the internet.

38.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

39.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, which amounts shall be proven at trial.

40.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

41.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

42.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the First Photograph;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Photograph or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### The Second Photograph

43.    Plaintiff re-alleges and incorporates paragraphs 1 through 29 as set forth above.

44.    The Second Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

45.    Plaintiff owns a valid copyright in the Second Photograph, having registered the Second Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

46.    As a result of Plaintiff's reproduction, distribution, and public display of the Second

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Photograph, Defendant had access to the Second Photograph prior to its own reproduction, distribution, and public display of the Second Photograph on its website, webpage, and/or social media.

47.     Defendant reproduced, distributed, and publicly displayed the Second Photograph without authorization from Plaintiff.

48.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Second Photograph for its own commercial purposes.

49.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Second Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Second Photograph, which amounts shall be proven at trial.

50.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendant's conduct.

51.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

h.   A declaration that Defendant has infringed Plaintiff's copyrights in the Second Photograph;

i.   An award of actual damages and disgorgement of profits as the Court deems proper;

j.   Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

k.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

l.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Photograph or to participate or assist in any such activity; and

m.  For such other relief as the Court deems just and proper.


## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 24, 2023.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
        Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228